**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 03 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK



### IN THE UNITED DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **BRUCE H. BOKONY and** | ) | **PLAINTIFFS** |
| **BRANDON H. BOKONY** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 4:19-cv-608-DPM** |
| | ) | |
| **UNITED STATES DEPARTMENT OF DEFENSE;** | ) | **DEFENDANTS** |
| **DR. MARK T. ESPER,** | ) | |
| **Secretary of Defense;** | ) | |
| **RICHARD V. SPENCER,** | ) | |
| **Secretary of the Department of the Navy;** | ) | |
| **UNITED STATES NAVY;** | ) | |
| **UNITED STATES NAVY PERSONNEL COMMAND; and** | ) | |
| **REAR ADMIRAL JEFF W. HUGHES,** | ) | |
| **Commander Navy Personnel Command** | ) | |

---

## MOTION FOR SUMMARY JUDGMENT – STATEMENT OF MATERIAL FACTS

---

Come Plaintiffs and pursuant to Local Rule 56.1(a) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* state:

1. Plaintiffs have this date filed their *Complaint for Declaratory and Injunctive Relief* (hereinafter *"Complaint"*) against Defendants.

2. Plaintiffs have this date filed, contemporaneous with their *Complaint*, their *Motion for Summary Judgment* and *Brief in Support of Motion for Summary Judgment,*

3. Plaintiff Bruce H. Bokony, (hereinafter "Sponsor"), is a retiree of the U.S. Navy entitled to retired pay as of his 60th birthday on September 5, 1952.

4. Plaintiff Brandon H. Bokony, (hereinafter "Brandon"), is the 36 year old permanently incapacitated, unmarried son of Sponsor who, due to his incapacity which occurred before his 21st birthday, is incapable of self-support as meant in *10 U.S.C. § 1072(2)(D)(iii).*

---

5. Following directions and information received by Sponsor from Defendants[1], or some subordinate department, branch, division, center, command, member, employee, contractor, or agent of Defendants, Sponsor took Brandon to Little Rock Air Force Base where Brandon received an ID Card.

6. At the time Brandon received his ID Card, Sponsor provided all information and documentation requested by Defendants for the issuance of Brandon's ID Card.

7. At the time Brandon received his ID Card, all information on which its issuance was based was within Defendants' Defense Enrollment Eligibility Reporting System (DEERS).

8. Brandon's ID Card identified Brandon as a dependent of a former member of a uniformed service eligible to receive DoD benefits, in particular TRICARE benefits.

9. Brandon's ID Card provided proof and authorization for Brandon to receive DoD benefits, particularly TRICARE benefits.

10. Throughout the period of time Brandon was determined eligible for TRICARE benefits, September 18, 2012 through December 26, 2017, Defendants had access to the information stored within DEERS upon which Brandon's ID Card issuance was based.

11. Defendants contacted Plaintiffs no less than eight (8) times regarding, in various capacities, Brandon's eligibility/coverage for TRICARE benefits over the period of time Brandon was in possession of his ID Card.

---

[1] For purposes of this "*MOTION FOR SUMMARY JUDGMENT – STATEMENT OF MATERIAL FACTS*", Plaintiffs refer to "Defendants", whether one or all of the Defendants is responsible for the conduct described, because ultimately Defendants Secretary of the Navy Richard V. Spenser, United States Navy, Navy Personnel Command and Rear Admiral Jeff W. Hughes report to the United States Department of Defense and Secretary of Defense Secretary Mark. T. Esper.

12.     At various times throughout Brandon's eligibility for TRICARE benefits, Plaintiffs utilized Brandon's ID Card as proof and authorization for Brandon's receipt of TRICARE benefits.

13.     Defendants had knowledge that Plaintiffs utilized Brandon's ID Card as proof and authorization for Brandon's receipt of TRICARE benefits.

14.     Brandon began receiving "child's insurance benefits" pursuant to *42 U.S.C. § 402(d)* on September 1, 2014.

15.     Brandon became enrolled into Medicare Parts A and B on October 1, 2016 pursuant to *42 U.S.C. §§ 426(b)* and *1395j*.

16.     On August 12, 2017, Sponsor received a postcard from Defendants advising that in order for Brandon, his "permanently incapacitated dependent child" in possession of an ID Card, to remain eligible for DoD benefits, particularly TRICARE benefits, Sponsor had to complete, *inter alia,* a "quadrennial financial dependency determination recertification."

17.     Sponsor submitted a completed and executed DD Form 137-5, required by Defendants to satisfy the "quadrennial financial dependency determination recertification" requirement, on September 6, 2017.

18.     On January 12, 2018, Sponsor received notification, dated December 26, 2017, that Brandon's eligibility for TRICARE benefits had been terminated effective December 16, 2017 because Sponsor had failed to prove he provided in excess of 50% of Brandon's financial support.

19.     The principal cause for termination of Brandon's eligibility for TRICARE benefits, effective December 16, 2017, was his receipt of a "child's insurance benefits" under *42 U.S.C. § 402(d).* which Defendants treated as "income" on DD Form 137-5 Block 10g.

20.     As a result of Defendants' termination of Brandon's TRICARE benefits, Sponsor purchased Medicare Part C Advantage coverage, effective February 1, 2018, and Medicare Part D prescription drug coverage, effective January 22, 2018, for Brandon.

21.     Having received content clarification and information from Defendants regarding completion of a DD Form 137-5, Sponsor resubmitted a DD Form 137-5 on March 5, 2018.

22.     Based upon Defendants' criteria for establishing financial dependency prior to Defendants implementation of the "Family Unit Rule" sometime in 2018, Sponsor's March 5, 2018 DD Form 137-5 evidenced Sponsor provided in excess of 50% of Brandon's financial support.

23.     For purposes of determining "HOUSEHOLD EXPENSES" on DD Form 137-5 Block 8, Defendants' "Family Unit Rule" relegated household members over age 21 but "mentally and physically incapable of self-support" from a whole person to one-half ($\frac{1}{2}$) a person when compared to household members over age 21 without a comparable incapacity.

24.     On August 23, 2018, pursuant to direction from Defendants, Sponsor submitted a letter to Defendants wherein Sponsored addressed seven (7) issues he had with Defendants' "Incapacitated Dependent Program" (INCAP).

25.     On or about September 3, 2018, Sponsor received notification, dated August 27, 2018, that Brandon's eligibility for TRICARE benefits had been terminated effective January 10, 2018 because Sponsor had failed to prove he provided in excess of 50% of Brandon's financial support.

26.     The principal cause for termination of Brandon's eligibility for TRICARE benefits, effective January 10, 2018, was his receipt of a "child's insurance benefits" under *42 U.S.C. § 402(d)* which Defendants treated as "income" on DD Form 137-5 Block 10g.

27.     On September 4, 2018, Sponsor contacted Defendants, via e-mail, requesting an explanation of the August 27, 2018, denial.

28.     On September 6, 2018, Defendants advised Sponsor, via e-mail, that Defendants were "conducting an additional review of [Sponsor's] case file."

29.     Plaintiffs were advised by Defendants on: September 13, 2018; November 6, 2018; January 10, 2019; February 4, 2019; and February 28, 2019, via letters written to Senator Tom Cotton's office and forwarded to Plaintiffs that Sponsor's request for redetermination for INCAP benefits was under legal review.

30.     On February 4, 2019, Sponsor submitted an addendum to his August 23, 2018, letter to Defendants addressing three (3) additional issues with Defendants' INCAP program.

31.     Defendants allow medical expenses "realized" by those incapacitated adult children of former members who are in possession of an ID Card to be listed as a "child's personal expenses" on DD Form 137-5 Block 9d even though not actually incurred; whereas, Defendants do not allow medical expenses "realized" by those incapacitated children of former members who are not in possession of an ID Card to be listed as "child's personal expenses." Rather, to constitute a "child's personal expenses", medical expenses must be actually incurred.

32.     Defendants have published that, for purposes of determining a sponsor's financial support, "concern is not for the expenses or income of the sponsor, but the amount the sponsor provides toward meeting the expenses of the child."

33.     For purposes of determining Sponsor's financial support, Defendants did not consider the "amount ... [S]ponsor provide[d] toward meeting the expenses of ... Brandon." Instead, Defendants imputed 100% of Brandon's "child's insurance benefit" as a source for payment of Brandon's expenses even though it was not so utilized.

34.     Defendants have published that for purposes of determining a sponsor's financial support, "support does not have to be direct financial support, but may consist of services provided for which the dependent or a social agency would have to pay." Defendants have also said: "Non-monetary support may also be considered, for example the fair market value of in-home care provided by the parents."

35.     Defendants did not accept as proof of "services provided for which [Brandon] would have to pay" the fair market value of living in the nearest assisted living/nursing home facility where Brandon would have to live were Brandon not to live with Sponsor and his wife.

36.     Ultimately, on March 25, 2019, Sponsor received a letter dated March 19, 2019, from Defendants, via Senator Tom Cotton's office, that stated, *inter alia,*: "From the most recent submission provided, Brandon's monthly income from Social Security covered an average 55% of his reported expenses, putting his parents' contribution well below the necessary threshold. This outcome has not been uncommon for persons receiving social security disability benefits."

WHEREFORE, Plaintiffs pray for the relief requested in their *Complaint* against Defendants and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

Bruce H. Bokony and Brandon H. Bokony
Plaintiffs
7573 Highway 110
Clinton, Arkansas 72031-6178
Home: (501) 745-6754
Mobile: (501) 231-0301
E-mail: bokony@aristotle.net

By:    _____
       Bruce H. Bokony

---

## CERTIFICATE OF SERVICE

I, Bruce H. Bokony, hereby certify that on this *3rd* day of September, 2019, I have mailed via certified mail, contemporaneous with Plaintiffs' *Complaint for Declaratory and Injunctive Relief* filed this same date in this matter, a copy of this *Motion for Summary Judgment – STATEMENT OF MATERIAL FACTS* to:

United States Department of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Dr. Mark T. Esper
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Richard V. Spencer
Secretary of the Navy
1000 Navy Pentagon
Washington, DC 20350-1000

United States Navy
c/o Admiral Michael Gilday
Chief of Naval Operations
2000 Navy Pentagon
Washington, DC 20350-2000

United States Navy Personnel Command
c/o RADM W. Hughes
PERS-00
5720 Integrity Drive
Millington, TN 38055-0000

RADM Jeff W. Hughes
Commander, Navy Personnel Command
PERS-00
5720 Integrity Drive
Millington, TN 38055-0000

Litigation Counsel's Office
General Counsel of the Department of Defense
United States Department of Defense
1600 Defense Pentagon
Washington, D.C. 20301

General Counsel of the Navy
Navy Litigation Office
720 Kennon St., SE, Bldg. 36, Room 233
Washington Navy Yard, DC 20374-5013

Office of Legal Counsel
Navy Personnel Command
PERS-00J
5720 Integrity Drive
Millington, TN 38055—0600

Honorable William Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Honorable Cody Hiland
U.S. Attorney
Eastern District of Arkansas
United States Attorney's Office
425 West Capitol Avenue, Suite 500
Little Rock, AR 72201

Bruce H. Bokony
Plaintiff
7573 Highway 110
Clinton, Arkansas 72031-6178
Home: (501) 745-6754
Mobile: (501) 231-0301
E-mail: bokony@aristotle.net

---